NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT J. BARON,

      Plaintiff - Appellant,

  v.

STAFF BENEFITS MANAGEMENT, INC.; FRANK CRIVELLO; ANTOINETTE BRYANT; MATT DOBRY; DOES, 1-20,

      Defendants - Appellees.

No. 24-4233

D.C. No.
3:22-cv-00691-LL-DDL

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Linda Lopez, District Judge, Presiding

Submitted December 17, 2025[**]

Before:     PAEZ, CHRISTEN, and KOH, Circuit Judges.

Robert J. Baron appeals pro se from the district court's judgment dismissing his employment action alleging discrimination and retaliation claims based on his race and national origin. We have jurisdiction under 28 U.S.C. § 1291. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001). We reverse and remand.

The district court dismissed Baron's Title VII retaliation claim without explanation. However, Baron sufficiently alleged that he submitted complaints about his supervisor's discriminatory behavior, and that he was terminated within hours of doing so. *See Lui v. DeJoy*, 129 F.4th 770, 782 (9th Cir. 2025) (explaining that to establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal connection between the two); *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 693 (9th Cir. 2017) (explaining that submitting complaints about a coworker's racially disparaging comments is a protected activity under Title VII); *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 970 (9th Cir. 2002) ("[T]ermination of employment is an adverse employment action."); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) ("[C]ausation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity.").

The district court dismissed Baron's Title VII discrimination and § 1981 claims for failure to state a claim. However, Baron sufficiently alleged that his supervisor discriminated against him and terminated his employment because of

his race and national origin. *See* 42 U.S.C. § 2000e-2(a)(1) (prohibiting employers from discriminating against any individual "because of [their] race, color, religion, sex, or national origin"); *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155-56 (9th Cir. 2010) (explaining that to establish a prima facie case of discrimination under Title VII, "plaintiffs must offer evidence that gives rise to an inference of unlawful discrimination"; if they do so, the burden shifts to the employer to show a legitimate, nondiscriminatory reason for the challenged action (citation omitted)). Baron also sufficiently alleged that his supervisor terminated Baron's employment because of his race. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020) (explaining that to state a § 1981 claim against a private defendant, a plaintiff must allege that, but for race, he would not have suffered the loss of a legally protected right).

Having dismissed all the federal claims, the district court declined to exercise supplemental jurisdiction over Baron's state law claims under 28 U.S.C. § 1367(c)(3). Because we reverse dismissal of the federal claims, we reinstate Baron's state law claims. *See Theofel v. Farey-Jones*, 359 F.3d 1066, 1079 (9th Cir. 2004).

We reject as meritless Baron's contentions that the district court improperly denied his applications to proceed in forma pauperis and his motion to appoint counsel.

24-4233

We reject as unsupported by the record Baron's contention that the district court violated his constitutional rights or engaged in other wrongdoing.

We do not consider arguments and allegations raised for the first time on appeal, *see Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009), or facts not presented to the district court, *see United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**REVERSED AND REMANDED.**